UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEMAJIO JEROME ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02637-TWP-TAB |
| | ) | |
| NOLL Doctor Mr., | ) | |
| | ) | |
| Defendant. | ) | |

**Order Denying Motion for Preliminary Injunction**

This matter is before the Court on Plaintiff Demajio Ellis motion for preliminary injunction (Dkt. 105). Mr. Ellis, an Indiana Department of Correction inmate who is currently housed at the Correctional Industrial Facility ("CIF"), has filed a motion titled "Plaintiff Motion for Court Assistance 'Emergency' Facility Transfer. Injunction. Temporarily Restraining Order" in nine of his pending civil rights suits. The Court construes the motion as a motion for preliminary injunction and for the reasons explained below, finds the motion should be **denied**.

**I.    The Motion**

According to the motion, Mr. Ellis was moved from his cell in a segregation unit at CIF to a medical or detox ward on May 19, 2023, because he was vomiting. He believes he was poisoned by inmates or staff. While in the medical unit, he passed a drug test but was experiencing chest pains and breathing issues. Many inmates at CIF have threatened to kill him because he is viewed as a snitch. Mr. Ellis requested to be placed in protective custody and transferred to another facility. CIF staff refused, telling him that he if wants to file grievances and lawsuits about prison staff, he will not be placed in protective custody. Ms. Knox and Sgt. Robertson told Mr. Ellis that he was being disorderly and paranoid, and they told other inmates that he was a snitch.

Ms. Purdue, a defendant in *Ellis v. Samaniego, et al.*, 1:22-cv-02482-JRS-TAB, plans to restrict Mr. Ellis from having access to his tablet. Without his tablet, he cannot access the law library application to conduct legal research. He does not have access to paper, case numbers, or writing utensils. It is unclear how often he is permitted to go to the law library.

Mr. Ellis is currently in a segregation cell because he has refused to go to general population. His counselor has told him that he will be transferred to general population soon, despite the fact that the counselor and other CIF staff know that Mr. Ellis has been jumped, robbed, and threatened for ten months. Mr. Ellis requests a transfer to another facility, access to his tablet, and/or daily access to the law library.

## II.     Discussion

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020).

However, the Court need not address the three threshold elements because, as a preliminary matter, a request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.").

In this case, Mr. Ellis is alleging he received inadequate dental care while he was housed at Pendleton Correctional Facility in 2019 and 2020. The claims in this case have nothing to do with the allegations in the motion for preliminary injunction. Further, the prison staff discussed in the motion for preliminary injunction are not defendants in this action. *See Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) ("An injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court") (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)). Accordingly, this Court lacks authority to grant the relief requested, and the motion, dkt. 105, must be **denied**. *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief) (citing *DeBeers Consol. Mines*, 325 U.S. at 220).

As noted above, Mr. Ellis filed this identical motion in nine of his cases. While his request for injunctive relief is not relevant to the claims proceeding in this case, the Court expresses no opinion about whether he may be entitled to injunctive relief in one of the other cases in which the motion was filed.

### III.   Conclusion

Because Mr. Ellis' request for injunctive relief is outside the scope of the claims proceeding in this action and is based on conduct by non-defendants, his motion for preliminary injunction, dkt. [105], must be **denied**.

**IT IS SO ORDERED.**

Date:  5/31/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DEMAJIO JEROME ELLIS
166596
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel